UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD BOMBARA<br>    Plaintiff<br><br>v.<br><br>CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC & JOHN DOE a/k/a Mark,<br>    Defendants | CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL<br>CLAIMED<br><br><br>JANUARY 18, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for pendent Connecticut law violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*, and for intentional infliction of emotional distress.

### II. PARTIES

2. The plaintiff, Edward Bombara, is a natural person residing in South Windsor, CT.

3. Defendant Creditors Interchange Receivable Management, LLC ("Creditors") is a Delaware corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

4. Defendant John Doe a/k/a Mark ("Mark") is an employee of Creditors who works as a debt collector. Mark's identity and state of residence are not known to Plaintiff but are ascertainable in discovery.

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over Creditors because it engages in debt collection activities within Connecticut.

7. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff owed a personal credit card related debt to Bank of America.

9. Sometime in October 2009, Bank of America contacted Plaintiff in an attempt to collect the debt and threatened debt collection by a third party if Plaintiff failed to pay.

10. Bank of America subsequently assigned the debt to Creditors for collection purposes.

11. On or around November 12, 2009, Mark called Plaintiff on behalf of Creditors and left a message on Plaintiff's answering machine.

12. Plaintiff called Mark back that same day; they spoke, and during that conversation, Mark told Plaintiff that he was with Bank of America and that if Plaintiff failed to pay, then he would be taken to court and it would end up costing him $15,000.

13. Mark's comments bothered Plaintiff, to the point that it interfered with his ability to concentrate.

14. On or around November 16, 2009, Mark called Plaintiff and left a message on Plaintiff's answering machine stating that it was imperative that Plaintiff get in contact with Mark to resolve the matter; on that message, Mark did not provide notice that the communication was from a debt collector.

15. On or around November 30, 2009, Mark called Plaintiff and left a message on Plaintiff's answering machine, in which message Mark threatened to serve Plaintiff with papers and stated that the matter had "become a very serious situation" for Plaintiff and that it was imperative that Plaintiff get in contact with him and let him know "the name attorney that he has retained in his local jurisdiction," and that Plaintiff had until Noon the following Wednesday if Plaintiff wanted to resolve the matter voluntarily and avoid having the aforementioned paperwork sent to him; furthermore, on that message, Mark did not provide notice that the communication was from a debt collector.

## V. <u>COUNT ONE</u>
### Fair Debt Collection Practices Act - Creditors

16. Plaintiff incorporates Paragraphs 1-15.

17. Creditors violated the FDCPA in one or more of the following respects:

    a.    Creditors violated 15 U.S.C. § 1692e(5) by threatening to sue Plaintiff when it was unauthorized to do so or was not intending to do so.

    b.    Creditors violated 15 U.S.C. § 1692e(10) by deceptively misrepresenting that the debt would cost $15,000 if Plaintiff failed to Creditors' demands.

    c.    Creditors violated 15 U.S.C. § 1692e(10) by deceptively misrepresenting to Plaintiff that it was Bank of America contacting him.

    d.    Creditors violated 15 U.S.C. § 1692e(3) by purposely creating the false implication that the aforementioned communications were from an attorney.

    e.    Creditors violated 15 U.S.C. § 1692e(11) by failing to provide Plaintiff with the required notice that the communications were from a debt collector.

    f.    Creditors violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

    g.    Creditors violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff.

## VI. COUNT TWO
### Fair Debt Collection Practices Act - Mark

18. Plaintiff incorporates Paragraphs 1-17.

19. Mark violated the FDCPA for the reasons enumerated in Paragraph 17a-g, described above.

## VII. COUNT THREE
### Intentional Infliction of Emotional Distress- Creditors & Mark

20. Plaintiff incorporates Paragraphs 1-15.

21. Creditors and Mark knew, or reasonably should have known, that their conduct would likely cause emotional distress to Plaintiff.

22. Creditors' and Mark's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

23. Creditors' and Mark's actions were willful, wanton and malicious, in that they intended to cause Plaintiff distress to induce Plaintiff to pay the debt, in hopes that Plaintiff would pay in order to relieve the stress.

### VIII. COUNT FOUR
### Connecticut Unfair Trade Practices Act - Creditors

24. Plaintiff incorporates Paragraphs 1-15.

25. Creditors violated CUTPA by its debt collection activities described above.

26. Plaintiff suffered an ascertainable loss as a result of Creditors' collection activities described above.

27. Creditors' acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers.

WHEREFORE, the Plaintiff prays for the following relief:

Monetary damages related to Plaintiff's emotional distress; Actual damages (including emotional distress damages), statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFF, EDWARD BOMBARA**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax (860) 571-7457